## STATE OF OREGON, Respondent, *v.* A. M. CORNELIUS, Appellant.

ATTACHMENT—EFFECT OF, ON REAL PROPERTY.—A sheriff does not acquire a special ownership in real property by levying an attachment thereon. The only effect of such levy is to create a lien upon the real property in favor of the attaching creditor from the date of the levy.

LEVY UPON PERSONAL PROPERTY.—Unless the officer levying upon personal property capable of manual delivery, takes the same into his custody, he does not acquire a special property therein.

APPEAL from Lane County.

Appellant was convicted in the Circuit Court for Lane County, of larceny, alleged to have been committed by taking a large belt from his own saw-mill, alleged in the indictment to be the personal property of J. N. Poindexter, sheriff of Lane County. At the trial it appeared in evidence that on September 3, 1873, a writ of attachment was levied by said Poindexter as sheriff, upon a portable saw-mill belonging to appellant, by posting a certified copy of

the writ upon the mill. It did not appear who owned the land upon which the mill stood, or its condition at the time of the levy, except that it was a portable saw-mill. The belt was upon the mill two weeks after the levy of the attachment, but it failed to appear whether it was attached to the mill at the time said writ was levied. It appeared, however, that after the writ was levied, the belt was taken by appellant and sold. The jury were instructed by the Circuit Court "that the mill of defendant was real property, and that the levy upon the mill by posting up a certified copy of the writ was a sufficient levy upon the mill, and everything necessary to and for the operation of the mill; and that if the belt in question was upon the mill at the time of the levy, the belt was levied upon by the sheriff, and he thereby obtained a special property in the belt and the possession of the same."

To this instruction appellant excepted.

*R. S. Strahan, J. N. Dolph* and *John Kelsay*, for Appellant.

*F. A. Chenoweth,* for Respondent.

By the Court, PRIM, J.:

The instruction of the court below, as to the effect of the levy of the attachment upon the saw-mill, we think was erroneous in this: If the mill in question was real property, and the belt in question was so attached thereto as to become a fixture, the sheriff acquired no special ownership in the mill by virtue of a levy made in the manner in which this was made. The only effect of such a levy was to create a lien upon the real property in favor of the party suing out the attachment, from the time of the levy. (Civ. Code, § 149.) In fact, if the saw-mill was real property, and the belt a fixture, it was not the subject of larceny. But, on the other hand, if the belt had become personal property by reason of being detached from the mill, such was insufficient to create a special property in the sheriff, for the reason that it was not taken into his custody. Section 147, subdivision 2 of the Code, provides that "personal prop-

erty, capable of manual delivery to the sheriff, and in the possession of a third person, shall be attached by taking it into his custody." Subdivision 3 provides that "other personal property shall be attached by leaving a certified copy of the writ, and a notice specifying the property attached, with the person having the possession of the same."

It is ordered that the judgment of the court below be reversed.