BANK OF CALIFORNIA v. COWAN et al.

(Circuit Court, D. Oregon. June 1, 1894.)

No. 2,069.

1. EQUITY PLEADING—BILL—ATTACHMENT—FRAUDULENT CONVEYANCE.
In a suit to set aside a conveyance, as in fraud of complainant's attachment lien, it is sufficient to allege the issuance and levy of the attachment, and the subsequent judgment and order of sale, without alleging that an execution was issued and returned "no property found;" and it is not necessary to allege that any affidavit for attachment was filed, since the facts conferring jurisdiction on a domestic court of general jurisdiction need not be pleaded.

2. DOCKETING JUDGMENT AND LIEN.
Where there has been a levy under attachment and an order of sale in the judgment, the lien attaches, although the judgment has not been entered on the lien docket.

Suit by the Bank of California against J. L. Cowan and S. E. Cowan to set aside certain conveyances. Defendants demur.

Zera Snow, for plaintiff.
Lewis L. McArthur, for defendants.

BELLINGER, District Judge. This is a suit to set aside certain conveyances by Cowan, alleged to have been made in fraud of creditors. The bill alleges the recovery of a judgment in this court by plaintiff against defendant, and an order of sale of property attached in such action. The conveyances complained of were prior to the attachment. Defendant demurs to the complaint, and, upon the demurrer, contends that the proceedings alleged are not sufficient to show a lien under the judgment and attachment proceedings upon the land in question, and that without such showing, in order to maintain this suit as one to reach equitable assets, the complaint should show an execution issued, and a return of "no property found." I am of the opinion that the allegations of the attachment and levy and judgment are sufficient. The presumptions that obtain in favor of the judgments of a court of general

jurisdiction are such that it has become the settled practice, in declaring upon a judgment, to allege generally the rendition of the judgment, and not, as formerly, to set out the whole proceeding. 12 Am. & Eng. Enc. Law, 149h. So, too, of the attachment proceedings. It is sufficient to allege the issuance of, and levy under, a writ of attachment, and the subsequent order in the judgment directing the sale of the attached property. In my opinion, it was not necessary to allege that any affidavit was filed for attachment, so that it makes no difference that complainant says the "usual" affidavit was filed. The facts conferring jurisdiction upon a domestic court of general jurisdiction need not be pleaded, and, upon the same reason, the facts which authorize the attachment in question need not be shown. The supreme court of this state holds that a lien by attachment and execution may be obtained upon real estate, notwithstanding a prior fraudulent transfer thereof, and that the lien creditor may bring his suit to remove the obstacle of the fraudulent conveyance in the way of his legal remedy without showing that execution had issued, and been returned nulla bona, in the law action. The creditor may stop with his judgment, and proceed in equity to have the cloud removed from the title to the property to which the lien of his judgment has attached.

In this case, however, it is argued that under the act of congress, and the act of the legislature of this state of 1891, relative to the liens of judgments, the plaintiff's judgment does not constitute a lien upon the property in question; that to have that effect the judgment must have been docketed in the judgment lien docket. Without stopping to inquire whether such docketing is necessary to a lien, as between the judgment creditor and the fraudulent transferee, it is clear that in any case where there has been an attachment levied, and an order in the judgment directing the sale of the attached property, the lien exists. Section 151 of the Code provides that when the certificate of attachment is filed "the lien in favor of the plaintiff shall attach to the real property described in the certificate from the date of the attachment." "The effect of the levy of the attachment is to create a lien upon the real property, in favor of the attaching creditor, from the date of the levy." State v. Cornelius, 5 Or. 46. The demurrer is overruled.